IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LINZIE HUMES,** | ) |
| | ) CASE NO. 7:21CV00007 |
| **Plaintiff,** | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **PATRICIA MCCOY,** | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| **Defendant.** | ) |

Plaintiff Linzie Humes, a Virginia inmate who is proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of disciplinary measures taken against him in jail. Upon review of the record, the court concludes that the complaint must be summarily dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

At the time Humes filed his complaint, he was incarcerated at the Southwest Virginia Regional Jail in Haysi, Virginia. He does not state whether he was being held there as a pretrial detainee or to serve a prison sentence for a criminal conviction. His allegations in support of his claim are sparse:

> While being housed in the Shu [sic], I was offered 1 hr. rec everyday but was left in full restraints after requesting for them to be removed every day.
>
> After my dis[cipline] was over I was left in the Shu for 5 extra days and was t[aken] to rec in full restraints.

Compl. 2, ECF No. 1. As relief, Humes seeks "[$]100,000 . . . and no one be put thru this punishment [any] more." Id.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause

of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). To satisfy this requirement, a plaintiff must state specific facts about what each defendant did, personally, that violated the plaintiff's constitutional rights.

Humes fails to meet this basic requirement. He names a defendant in the heading of his complaint form, Patricia McCoy, but he does not allege what action McCoy took to deprive him of any constitutionally protected right. Humes does not indicate how this individual had any personal involvement in placing him the "Shu," which likely refers to a special housing unit, or in the decisions to leave Humes in "full restraints" during his recreation period or to house him a few extra days in that unit. Id. Thus, the complaint does not state any claim that McCoy deprived Humes of any constitutionally protected right. Id.

Therefore, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1). An appropriate order will enter herewith. Dismissal of the action without prejudice leaves Humes free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this memorandum opinion.

The clerk will send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 27th day of May, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.05.27 23:18:40
-04'00'

United States District Judge